UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

ANDREA DAUGHTRY,                    )
                    Plaintiff,      )
                                    )
        v.                          )          Civil Action No. 2:20cv517
                                    )
UNITED STATES OF AMERICA, *et al.*, )
                    Defendants.     )
_____)

## MEMORANDUM OPINION

Plaintiff Andrea Daughtry ("Plaintiff"), appearing *pro se*, filed a Complaint in the Portsmouth Circuit Court against Defendants "Hampton Roads Community Health Center, *et als*" ("HRCHC") and "Sentara Healthcare, *et als*" ("Sentara").[1]   Compl., ECF No. 1-1, at 3-5.   The United States of America ("United States") substituted itself for HRCHC and removed Plaintiff's state court action to this Court.   Notice Substitution, ECF No. 2; Notice Removal, ECF No. 1. As explained in more detail herein, the Court construes Plaintiff's Complaint as asserting (i) a Federal Tort Claims Act ("FTCA") claim against the United States; and (ii) a state law medical malpractice claim against Sentara.

This matter is before the Court on a Motion to Dismiss filed by the United States.[2]   Mot. Dismiss, ECF No. 3.   The Court concludes that oral argument is unnecessary because the facts and legal arguments have been adequately presented to the Court.   For the reasons set forth below, the United States' Motion to Dismiss, ECF No. 3, will be GRANTED, and Plaintiff's FTCA claim against the United States will be DISMISSED without prejudice.   The Court will REMAND

_____

[1]  The case number for Plaintiff's state court action is CL20001054-00.   Notice Removal at 1, ECF No. 1.
[2]  Sentara has not filed an appearance in this Court, and it is unclear whether Sentara was served with process in the state court action.

Plaintiff's state law medical malpractice claim against Sentara back to the Portsmouth Circuit Court.

## I.   PROCEDURAL AND FACTUAL BACKGROUND

On or about February 27, 2020, *pro se* Plaintiff filed a Complaint in the Portsmouth Circuit Court against HRCHC and Sentara.   Compl., ECF No. 1-1, at 3-5.   In her Complaint, Plaintiff alleges that in March 2018, she "received the written results of a mammogram performed at Sentara."   *Id*. at 3-4.   Dr. Kirsten F. Davis "reviewed and signed off" on the results, and indicated that "no suspicious microcalcifications, masses, or areas of architectural distortion" were detected in the mammogram.   *Id*. at 4.

Approximately five months later, Dr. Joseph Isaac, who works for HRCHC, "performed a breast exam which revealed a mass in [Plaintiff's] right breast."   *Id*.   Dr. Isaac "expressed concern," and asked for Plaintiff's written consent to obtain "the films and report" from the mammogram that was previously performed at Sentara.   *Id*.   Plaintiff provided written consent; however, she received "[n]o other follow up information" from Dr. Isaac.   *Id*.

In April 2019, Plaintiff was referred for another mammogram by Dr. Lori Gatzke, who "expressed grave concern" about "the same mass in [Plaintiff's] right breast."   *Id*.   Following the mammogram, the attending radiologist "recommended immediate biopsy of the mass."   *Id*. The biopsy revealed "invasive ductal carcinoma, . . . with associated ductal carcinoma in situ." *Id*.   On July 8, 2019, Plaintiff underwent "a partial mastectomy to remove the cancerous tumor and several lymph nodes, of which 3 were cancerous."   *Id*.   Plaintiff claims that HRCHC and Sentara acted negligently and breached the applicable standards of medical care in their dealings with Plaintiff.   *Id*. at 4-5.

On October 14, 2020, the United States removed Plaintiff's state court action to this Court.

Notice Removal, ECF No. 1.   The United States also filed a Notice of Substitution, in which it

explains the basis for its involvement in this matter.   Notice Substitution, ECF No. 2.   The

United States explains:

> The Department of Health and Human Services [("HHS")] has deemed
> HRCHC's corporate parent, Portsmouth Community Health Center, to be
> an employee of the Public Health Service [("PHS")]. . . .   Dr. Joseph Isaac
> is an employee of Portsmouth Community Health Center, Inc., doing
> business as HRCHC.   Accordingly, both HRCHC and Dr. Isaac are
> deemed to be employees of [PHS].
>
> The exclusive remedy for persons with claims for damages for injury or loss
> of property, or personal injury or death arising or resulting from the
> negligent or wrongful acts or omissions of members of [PHS] lies in a suit
> against the United States of America under the [FTCA].   42 U.S.C.
> § 233(a) and (g).
>
> Upon certification by the Attorney General or his designee that a [PHS]
> entity or employee was acting within the scope of his office or employment
> at the time of the incident out of which a state or common law medical tort
> claim arises, any civil action arising out of the incident shall be deemed an
> action against the United States, and the United States shall be substituted
> as sole defendant with respect to the claim.   42 U.S.C. § 233(c).   The
> Attorney General has delegated certification authority to the United States
> Attorneys.   28 C.F.R. § 15.4.
>
> The United States Attorney for the Eastern District of Virginia has certified
> that HRCHC and Dr. Isaac were acting within the scope of their
> employment as deemed employees of [PHS] at the time of the alleged
> medical negligence.   *See* Certification of Scope of Employment, Exhibit B
> to the Notice of Removal.   Accordingly, by operation of law[,] the United
> States of America is the only proper defendant for claims by Plaintiff
> against "Hampton Roads Community Health Center *et als*."   HRCHC, and
> any employees of HRCHC or its corporate parent, Portsmouth Community
> Health Center, must be dismissed as named defendants.

*Id*. at 1-2 (paragraph numbers omitted); *see* Notice Deeming Action, ECF No. 4-1, at 2-7;

Certification, ECF No. 1-2, at 2.

On October 14, 2020, the United States filed a Motion to Dismiss, and provided *pro se*

Plaintiff with a proper *Roseboro* Notice pursuant to Rule 7(K) of the Local Civil Rules of the

United States District Court for the Eastern District of Virginia.   Mot. Dismiss, ECF No. 3; *Roseboro* Notice, ECF No. 5; *see* E.D. Va. Loc. Civ. R. 7(K).   Plaintiff did not file an Opposition, and her deadline to do so has expired.   Accordingly, the United States' Motion to Dismiss is ripe for adjudication.

## II.   ANALYSIS

### A.   Standard of Review Under Federal Rule 12(b)(1)

The United States seeks dismissal of this action pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.   Dismissal is warranted under Rule 12(b)(1) for any claims over which the Court lacks subject matter jurisdiction.   Fed. R. Civ. P. 12(b)(1).   Plaintiff bears the burden of proving that subject matter jurisdiction exists by a preponderance of the evidence.   *United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347-48 (4th Cir. 2009).   A Rule 12(b)(1) motion to dismiss should be granted "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law."   *Evans v. B.F. Perkins Co*., 166 F.3d 642, 647 (4th Cir. 1999) (quoting *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991)).   In determining whether subject matter jurisdiction exists, the district court "may consider evidence outside the pleadings without converting the proceeding to one for summary judgment."   *Velasco v. Gov't of Indon.*, 370 F.3d 392, 398 (4th Cir. 2004); *Johnson v. Portfolio Recovery Assocs., LLC*, 682 F. Supp. 2d 560, 566-67 (E.D. Va. 2009).

### B.   Discussion

Pursuant to the Public Health Services Act ("PHSA"), as amended by the Federally Supported Health Centers Assistance Act of 1995, an eligible community health center and its employees may be deemed PHS employees by HHS.   *Robles v. Beaufort Mem'l Hosp.*, 482 F. Supp. 2d 700, 703 (D.S.C. 2007) (citing *Celestine v. Mount Vernon Neighborhood Health Ctr.*,

289 F. Supp. 2d 392, 395 (S.D.N.Y. 2003)); 42 U.S.C. § 233(g)(1)).   When that occurs, the community health center and its employees "enjoy[] immunity from those acts that relate to its employment, and any actions against it are treated as actions against the United States."   *Id*. (citing *Celestine*, 289 F. Supp. 2d at 395; 42 U.S.C. § 233(a)).

Here, HHS deemed HRCHC's corporate parent, Portsmouth Community Health Center, and its employees, to be employees of PHS.   Notice Deeming Action, ECF No. 4-1, at 2-7. Accordingly, both HRCHC and Dr. Isaac are deemed to be employees of PHS.   *Id*.   Additionally, the United States Attorney for the Eastern District of Virginia certified that HRCHC and Dr. Isaac were acting within the scope of their employment as deemed employees of PHS when the alleged medical malpractice described in Plaintiff's Complaint occurred.   *See* Certification, ECF No. 1-2, at 2*; see also* Compl., ECF No. 1-1, at 3-5.

"The FTCA provides the procedures for medical malpractice suits brought against the United States and is the exclusive remedy for claims asserted against a [PHS] officer."   *Miller v. United States*, No. 99-3998, 2000 U.S. App. LEXIS 19512, at *5 (6th Cir. Aug. 7, 2000). Accordingly, the Court construes Plaintiff's Complaint as asserting (i) an FTCA claim against the United States; and (ii) a state law medical malpractice claim against Sentara.

"The United States 'is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *Saunders v. United States*, 502 F. Supp. 2d 493, 495 (E.D. Va. 2007) (alteration in original) (citing *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981)).   "The FTCA provides a limited waiver of sovereign immunity for torts committed by agents or employees of the United States acting within the scope of their employment."   *Galustian v. Peter*, 802 F. Supp. 2d 700, 705 (E.D. Va. 2011). However, the FTCA requires that a plaintiff exhaust his or her administrative remedies *before*

5

initiating a lawsuit in federal court.   *Id.*   The FTCA states:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his [or her] claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a).   For purposes of this section,

> a claim shall be deemed to have been presented when a Federal agency receives from a claimant, his [or her] duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident.

28 C.F.R. § 14.2(a).   The United States Court of Appeals for the Fourth Circuit has explained that "the requirement of filing an administrative claim is jurisdictional and may not be waived." *Kokotis v. U.S. Postal Serv.*, 223 F.3d 275, 278 (4th Cir. 2000) (quoting *Henderson v. United States*, 785 F.2d 121, 123 (4th Cir. 1986)); *see also Galustian*, 802 F. Supp. 2d at 705.   Therefore, if a plaintiff fails to file a timely administrative claim with the proper agency, "dismissal is mandatory."   *Henderson*, 785 F.2d at 123.

In its Motion to Dismiss, the United States argues that Plaintiff's FTCA claim should be dismissed without prejudice because (i) "HRCHC and its physician employees have been deemed employees of [PHS] by the [HHS];" (ii) "[a]s PHS employees, the exclusive remedy for alleged malpractice arising within the scope of their PHS employment lies against the United States in accordance with the [FTCA];" and (iii) Plaintiff has not exhausted her administrative remedies by filing an administrative claim with HHS, which is a "non-waivable jurisdictional prerequisite" to filing an FTCA claim against deemed PHS employees.   Mem. Supp. Mot. Dismiss at 1-2, 5, ECF No. 4.

To support its assertion that Plaintiff failed to exhaust her administrative remedies, the United States provides a declaration from Meredith Torres ("Torres Declaration"), who serves as "a Senior Attorney in the General Law Division, Office of the General Counsel, Department of Health and Human Services."   Torres Decl. ¶ 1, ECF No. 4-2, at 2.   In her declaration, Ms. Torres states: "I caused a search of the Claims Branch's database to be conducted and found no record of an administrative tort claim filed by Andrea Daughtry or an authorized representative relating to Portsmouth Community Health Center, Inc., d/b/a Hampton Roads Community Health Center."   *Id*. ¶ 4.

Under these circumstances, the Court finds that Plaintiff has not presented an administrative claim to the appropriate Federal agency regarding the alleged conduct of HRCHC and Dr. Isaac.   As explained above, the proper presentment of an administrative claim is a jurisdictional prerequisite to the filing of an FTCA claim against the United States.   *See Kokotis*, 223 F.3d at 278; *Henderson*, 785 F.2d at 123; *Galustian*, 802 F. Supp. 2d at 705.   Therefore, the Court finds that it lacks subject matter jurisdiction over Plaintiff's FTCA claim against the United States.   Accordingly, United States' Motion to Dismiss, ECF No. 3, will be GRANTED, and Plaintiff's FTCA claim against the United States will be DISMISSED without prejudice.

Having resolved Plaintiff's FTCA claim against the United States, only questions of state law remain in this case, i.e., Plaintiff's medical malpractice claim against Sentara.   Although the Court may exercise supplemental jurisdiction over remaining state law claims after federal claims have been dismissed, the decision to do so "rests within the sole discretion of the Court."   *Jones v. Tyson Foods*, 378 F. Supp. 2d 705, 710 (E.D. Va. 2004) (citing 28 U.S.C. § 1367(c)(3)); *see Jordahl v. Democratic Party*, 122 F.3d 192, 203 (4th Cir. 1997).   "[T]he doctrine of supplemental jurisdiction is a doctrine of flexibility, designed to allow courts to deal with cases involving

pendent claims in the manner that most sensibly accommodates a range of concerns and values." *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995).   In determining whether to exercise supplemental jurisdiction, the Court analyzes "convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy."   *Id.*

Based on an analysis of these factors, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law medical malpractice claim against Sentara.   Instead, the Court will REMAND Plaintiff's state law medical malpractice claim against Sentara back to the Portsmouth Circuit Court.   *See O'Donnell v. Bruce*, No. 3:08cv303, 2009 U.S. Dist. LEXIS 22542, at *18 (E.D. Va. Mar. 19, 2009) (remanding a case back to state court after dismissing claims against the United States and declining to exercise supplemental jurisdiction over remaining state law claims).

### III.   CONCLUSION

For the reasons set forth above, the United States' Motion to Dismiss, ECF No. 3, will be GRANTED, and Plaintiff's FTCA claim against the United States will be DISMISSED without prejudice.   The Court will REMAND Plaintiff's state law medical malpractice claim against Sentara back to the Portsmouth Circuit Court.

An appropriate Order shall issue.

_____ /s/

Roderick C. Young
United States District Judge

Richmond, Virginia
March 31, 2021

8